# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

**YOLANDA ADAMS,**

                **Plaintiff,**        2004-CV-0053

    v.

**FORD MOTOR CO.,**

               **Defendant.**

TO:    Vincent A. Colianni, Esq.
         Daryl C. Barnes, Esq.

### ORDER REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER came before the Court upon Ford's Motion For Reconsideration of Its to Exclude Evidence of Plaintiff's PET Scan (Docket No. 230). In lieu of filing a response to said motion, Plaintiff filed a motion to strike said motion (Docket No. 231) which has been fully briefed.

Pursuant to Local Rule of Civil Procedure 7.4, parties may seek reconsideration of an order issued by a judge or magistrate judge of this Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.4. It is widely recognized that the "'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present

*Adams v. Ford Motor Co.*
2004-CV-0053
Order
Page 2

newly discovered evidence." *Smith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). Having reviewed the submissions of the parties, nothing therein persuades the Court that its previous order requires modification or reversal at this juncture.

Defendant argues that the undersigned should reconsider the District Judge's earlier ruling because the undersigned is now the trial judge. However, that fact alone does not entitle Defendant to reconsideration.

Defendant also maintains that the PET scan evidence should be excluded because it "can only be used in conjunction with Dr. Fisher's analysis and her TBI diagnosis." Motion at 4. Defendant has filed a separate motion to exclude Dr. Fisher as an expert witness. The Court has not yet ruled upon Defendant's motion to exclude Dr. Fisher; therefore, Defendant's motion for reconsideration on this basis is premature.

Accordingly, it is now hereby **ORDERED**:

1. Ford's Motion For Reconsideration of Its Motion to Exclude Evidence of Plaintiff's PET Scan (Docket No. 230) is **DENIED WITHOUT PREJUDICE**.

2. In the event Dr. Fisher is excluded from testifying and Plaintiff attempts to introduce the PET scan evidence at trial, Defendant may renew its motion at that time.

*Adams v. Ford Motor Co.*
2004-CV-0053
Order
Page 3

    3.    Plaintiff's Motion to Strike Ford's Motion For Reconsideration of Judge Finch's Ordering [sic] Denying Ford's Motion to Exclude PET Scan Evidence (Docket No. 231) is **DENIED AS MOOT**.

        ENTER:

Dated: April 8, 2008                         /s/
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE