<table>
<tr><td colspan="2" align="center"><b>DISTRICT COURT OF THE VIRGIN ISLANDS</b><br><br><b>DIVISION OF ST. CROIX</b></td></tr>
</table>

| | |
|---|---|
| YOLANDA ADAMS, | |
| **Plaintiff,** | **2004-CV-0053** |
| **v.** | |
| FORD MOTOR CO., | |
| **Defendant.** | |

TO:   **Vincent A. Colianni, Esq.**
      **Daryl C. Barnes, Esq.**

<u>**ORDER**</u>

THIS MATTER came before the Court upon Ford's Motion For Judgment as a Matter of Law on Plaintiff's Punitive Damages Claim (Docket No. 258).  The Court heard brief argument upon said motion, then allowed Plaintiff to file a written response.

Having reviewed the written submissions of the parties and heard the arguments of counsel and upon due consideration thereof, the Court finds that Plaintiff has not presented evidence sufficient to show that Defendant's conduct was outrageous or reckless.

In this jurisdiction, in order to establish entitlement to punitive damages, a plaintiff must "show that the acts complained of were outrageous, done with evil motive or reckless indifference to [the plaintiff's] rights." *Justin v. Guardian Ins. Co., Inc.*, 670 F. Supp. 614, 617

*Adams v. Ford Motor Co.*
2004-CV-0053
Order
Page 2

(D.V.I. 1987).  Moreover, the evidence showing such outrageous or reckless conduct must

be clear and convincing.  *Acosta v. Honda Motor Co.*, 717 F.2d 828, 839 (3d Cir. 1983).

In the matter at bar, viewing the evidence and drawing all inferences in Plaintiff's

favor, the Court finds that Plaintiff has failed to demonstrate the requisite reckless

disregard of Plaintiff's safety.  While Plaintiff may have presented sufficient evidence to

show a design defect, Plaintiff has not shown that Defendant's conduct with regard to such

defect was reckless.  As the comments to *Restatement (Second) Torts* § 500 states:

> For . . . conduct, to be reckless it must be unreasonable; but to be reckless it
> must be something more than negligent.  It must not only be unreasonable,
> but it must involve a risk of harm to others substantially in excess of that
> necessary to make the conduct negligent.   It must involve an easily
> perceptible danger of death or substantial physical harm, and the probability
> that it will so result must be substantially greater than is required for
> ordinary negligence.

*Restatement (Second) Torts* § 500 comment a (1965).  Here, the evidence presented by

Plaintiff of the conduct of Defendant regarding the design of the vehicle does not rise to the

level of unreasonableness sufficient to constitute recklessness or outrageousness.

Accordingly, it is now hereby **ORDERED**:

1.    Ford's Motion For Judgment as a Matter of Law on Plaintiff's Punitive

      Damages Claim (Docket No. 258) is **GRANTED**.

2.    Plaintiff's punitive damages claim is **DISMISSED WITH PREJUDICE**.

*Adams v. Ford Motor Co.*
2004-CV-0053
Order
Page 3

ENTER:

Dated: April 24, 2008 _____/s/_____

GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE