# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

YOLANDA ADAMS,

                        **Plaintiff,**           2004-CV-0053

    v.

FORD MOTOR CO.,

                        **Defendant.**

TO:    Vincent A. Colianni, Esq.
         Daryl C. Barnes, Esq.

## ORDER AND JUDGMENT

THIS MATTER came before the Court upon Plaintiff's Motion to Amend Verdict and Enter Judgment (Docket No. 300).[1] Defendant filed a response to said motion, and Plaintiff filed a reply thereto.

Plaintiff asks the Court to increase the amount of the jury award, claiming that the "overwhelming evidence in this case is that the appropriate amount of the Plaintiffs [sic] actual economic damages was $10,661,090." Motion at 3. Defendant opposes on the grounds that Plaintiff's motion is an improper request for additur, that the evidence

---

[1] The Court notes that this document was *incorrectly* filed in the CM/ECF system as a Notice. Counsel are reminded that it is their responsibility to file all documents in the CM/ECF system in the correct manner. If counsel have any questions or concerns, they may contact the Office of Clerk of Court for assistance.

*Adams v. Ford Motor Co.*
2004-CV-0053
Order and Judgment
Page 2

supports the jury's verdict, and that Plaintiff waived any error with respect to the verdict form.

**<u>DISCUSSION</u>**

Because Plaintiff does not seek a new trial,[2] Plaintiff's motion technically is not a motion for additur. However, Plaintiff's motion remains improper. It is well established that "[a] federal court . . . may not increase the damages above those awarded by a jury, either directly or by use of an additur." Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure*, Civil 2d § 2816. This rule regarding modification of a jury's damage award exists because the "assessment of damages is 'so peculiarly within the province of the jury that the Court should not alter it.'" *Accu-Spec Electronic Services, Inc. v. Central Transport Int'l*, Civil Action No. 03-394, 2006 WL 995735 at *1 (W.D. Pa. April 13, 2006) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 480 (1935)). Accordingly, "modification of a jury's damage award is appropriate only in the rarest circumstances . . . ." *Accu-Spec Electronic Services, Inc.*, 2006 WL 995735 at *1. These circumstances are present primarily "where the jury has found the underlying liability and *there is no dispute as to damages* . . . ." *Id*. (emphasis added). In view of the parties' clear dispute as to damage

---

2. Plaintiff specifically states that her motion is brought pursuant to Fed. R. Civ. P. 59(e) and does not mention a request for a new trial.

claims and amounts, this is not a proper case for the Court's upward adjustment of the jury's damage award.

Plaintiff specifically states that her motion is brought pursuant to Fed. R. Civ. P. 59(e).

> Rule 59(e) of the Federal Rules of Civil Procedure authorizes a trial court to amend or alter a judgment in the event of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. Fed. R. Civ. P. 59(e); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Moore v. Susquehanna Area Regional Airport Authority*, No. Civ. A. 1:02-CV-0535, 2005 WL 2430790 at *6 (M.D. Pa. September 30, 2005). When ruling on such a claim the court will modify or overturn the jury's verdict

> "only if the proceedings have been tainted by appeals to prejudice or if the verdict, in light of the evidence, is so unreasonable that it would be unconscionable to permit it to stand." *New Market Invest. Corp. v. Fireman's Fund Ins. Co.*, 774 F. Supp. 909, 917 (E.D. Pa. 1991) (quoting 11 Wright & Miller, Federal Practice & Procedure § 2807). Whether or not the trial judge agrees or disagrees with the jury's verdict, the verdict must be upheld if it is supported by a "minimum quantity of evidence from which a jury might reasonably [decline to] afford relief." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 290 (3d Cir. 1991).

*Adams v. Ford Motor Co.*
2004-CV-0053
Order and Judgment
Page 4

*Le v. University of Pennsylvania*, No. Civ. A. 99-1708, 2001 WL 849707 at *14 (E.D. Pa. July 13, 2001) (quoting *Hartman Plastics, Inc. v. Star-Int'l LTD-USA*, 1998 WL 643864 *5 (E.D. Pa. Sept. 18, 1998)).

In the matter at bar, the jury awarded a total damage amount of $2,381,250.00. The Court does not find this award to be "so unreasonable that it would be unconscionable" to allow it to stand. On the contrary, as Defendant ably demonstrates in its opposition, the jury was not compelled to find that Plaintiff's lost wages and medical expenses were in excess of $10,000,000.00. Opposition at 6. There "was ample evidence to support the jury's economic damage finding . . . ." Opposition at 8. Consequently, the Court finds that the jury verdict is supported by a "minimum quantity of evidence . . . ." *Ford Motor Co.*, 930 F.2d at 290, and will not modify it.

In addition, the Court finds no support for Plaintiff's contention that the jury took upon itself the task of reducing the amount of damages by the percentage of Plaintiff's fault. Plaintiff cannot point to anything in the record or otherwise that indicates that the jury disregarded the clear instructions provided by both the Court and contained on the printed verdict form.

The Supreme Court of the United States has articulated a presumption "that a jury will follow an instruction . . . unless there is an 'overwhelming probability' that the jury

*Adams v. Ford Motor Co.*
2004-CV-0053
Order and Judgment
Page 5

will be unable to follow the court's instructions . . . ." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (cited in *Ayers v. Belmontes*, 549 U.S. 7, 127 S. Ct. 469, 490 (2006) (Stevens, J., dissenting)). The Court finds that Plaintiff has failed to rebut this presumption. Plaintiff's assertion is nothing more than speculation and conjecture fueled by her dissatisfaction with the amount of damages.

The Court further finds that Plaintiff's proposed verdict form was not substantially different from the one used by the Court with regard to the portion concerning percentage of fault and total amount of damages. In fact, it does not even contain the caution not to reduce the amount of damages by any fault attributed to Plaintiff. Based upon the form proposed by Plaintiff and in the absence of any objection of Plaintiff to the verdict form actually utilized, the Court finds that Plaintiff has waived any objection or argument regarding any error that may have been present in the verdict form itself.

Finally, the Court will deny both Plaintiff's and Defendant's request to apply the contributory negligence statute, V.I. Code Ann. tit. 5, § 1451(a)[3], which would act to bar any

---

3. Section 1451(a) provides:
> In any action based upon negligence to recover for injury to person or property, the contributory negligence of the plaintiff shall not bar a recovery, but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributable to the plaintiff. The burden of proving contributory negligence shall be on the defendant. If such claimant is found by the trier of fact to be more at fault than the defendant, or, in the case of multiple defendants, more at fault than the combined fault of the defendants, the claimant may not recover.

*Adams v. Ford Motor Co.*
2004-CV-0053
Order and Judgment
Page 6

recovery by Plaintiff. Both Plaintiff and Defendant argue that, because the jury found Defendant strictly liable and not negligent, the Court either must not reduce the amount of damages by the percentage of fault attributed to Plaintiff or must award Plaintiff nothing. This argument has been considered and rejected by the United States Court of Appeals for the Third Circuit in *Murray v. Fairbanks Morse*, 610 F.2d 149 (3d. Cir. 1979) (affirming *Muarry v. Beloit Power Systems, Inc.*, 450 F. Supp. 1145 (D.V.I. 1978)). As Judge Young found in *Murray v. Beloit Power Systems, Inc.*, "both plaintiff's want of ordinary due care in his use of the product and plaintiff's unreasonable exposure to a known and appreciable risk of injury should work to diminish plaintiff's recovery in a § 402A type action in proportion to the amount of causative culpable conduct attributable to plaintiff." 450 F. Supp. at 1147. Judge Young concluded, "[I]t is the opinion of this Court that the imputation of comparative negligence principles, as defined herein, in strict products liability cases will provide the most equitable means of ascertaining ultimate tort liability." *Id.*

> In affirming, the Third Circuit determined that
>
> a system of comparative fault may effectively operate in strict products liability cases and will result in a more equitable apportionment of the loss for product related injuries while furthering the valid policy goals behind the strict products liability action. We accordingly hold that a system of pure comparative fault should be applied to Restatement § 402A actions in the

*Adams v. Ford Motor Co.*
2004-CV-0053
Order and Judgment
Page 7

> Virgin Islands. Under this system, fault is ascribed to the defendant once his product is found to be defective. If fault on the part of the plaintiff is also present, the trier of fact shall reduce the damage award in proportion to the plaintiff's causal contribution to his own injury.

*Murray v. Fairbanks Morse,* 610 F.2d at 162. Moreover, the Third Circuit took Judge Young's decision one step further, stating, "Under our holding, the plaintiff shall not be barred from recovery even if his fault is determined to be greater than that of the defendant." *Id*. The Court sees no reason to disturb or otherwise repudiate the ruling of the Third Circuit. Consequently, the total amount of damages awarded by the jury, specifically, $2,381,250.00, shall be reduced by the percentage of fault attributed to Plaintiff by the jury, namely, 77.5%, and judgment will be entered in favor of Plaintiff in the amount of $535,781.25.

Based upon the foregoing, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Amend Verdict and Enter Judgment (Docket No. 300) is **DENIED**.

2. **JUDGMENT** is hereby entered in favor of Plaintiff, Yolanda Adams, and against Defendant, Ford Motor Company, in the amount of **$535,781.25,** all to bear interest at the rate provided by law.

*Adams v. Ford Motor Co.*
2004-CV-0053
Order and Judgment
Page 8

ENTER:

Dated: July 2, 2008

_____/s/_____
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE