| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

YOLANDA ADAMS,

                              **Plaintiff,**           2004-CV-0053

   v.

FORD MOTOR CO.,

                              **Defendant.**

TO:   Vincent A. Colianni, Esq.
        Daryl C. Barnes, Esq.

### ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

THIS MATTER is before the Court for consideration upon Plaintiff's Motion For New Trial (Docket No. 323). Defendant filed a response to said motion, and Plaintiff filed a reply thereto.

Plaintiff enunciates four (4) bases for her request, pursuant to Fed. R. Civ. P. 59, for a new trial: 1.) the Court's directed verdict in favor of Defendant regarding punitive damages, 2.) the Court's non-application of V.I. Code Ann. tit. 5, § 1451, 3.) the Court's application of comparative fault principles to reduce Plaintiff's damage award, and 4.) cumulative error.

*Adams v. Ford Motor Co.*
2004-CV-0053
Order Denying Plaintiff's Motion For New Trial
Page 2

**DISCUSSION**

Rule 59 of the Federal Rules of Civil Procedure provides, in relevant part: "The court may, on motion, grant a new trial on all or some of the issues--and to any party – after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ."  Fed. R. Civ. P. 59(a)(1)(A).

> Rule 59(a) does not specify the bases on which a court may grant a new trial, but rather leaves the decision to the discretion of the district court.  *See Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992) ("The decision to grant or deny a new trial is confided almost entirely to the discretion of the district court.") (*citing Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed.2d 193 (1980)).  Courts have granted new trials when there have been prejudicial errors of law or when the verdict is against the weight of the evidence.  *See Maylie v. Nat'l R.R. Passenger Corp.*, 791 F. Supp. 477, 480 (E.D. Pa. 1992) (citations omitted).

*Jones v. City of Philadelphia,* Civil Action No. 2:90-cv-02974, 2008 WL 1794842 at *1-2 (E.D. Pa. April 18, 2008).

Plaintiff's motion alleges only errors of law and does not contend that the jury's verdict is against the weight of the evidence.  Thus, the Court has broad discretion to decide whether or not to grant a new trial.  *Jones*, 2008 WL 1794842 at *2  ("When the basis of the motion involves a matter within the trial court's sound discretion, such as the court's evidentiary rulings or points for charge to the jury, the trial court has wide latitude in

*Adams v. Ford Motor Co.*
2004-CV-0053
Order Denying Plaintiff's Motion For New Trial
Page 3

deciding the motion" (citing *Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 921-22 (3d Cir. 1986); *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir.1993)).

In deciding Plaintiff's motion, the Court "must determine: (1) whether an error was in fact made; and (2) whether the error was so prejudicial that a refusal to grant a new trial would be inconsistent with substantial justice." *Jones*, 2008 WL 1794842 at *2 (citing *Bhaya v. Westinghouse Elec. Corp.*, 709 F. Supp. 600, 601 (E.D. Pa. 1989)).

With regard to the Court's directed verdict in favor of Defendant on the issue of punitive damages, the Court finds that no error was made. The Court found that Plaintiff failed to present clear and convincing evidence of Defendant's conduct regarding the vehicle design "sufficient to constitute recklessness or outrageousness." Order (Docket No. 266) at 2, entered April 24, 2008. Despite Plaintiff's "list" of the evidence it presented with regard to Defendant's conduct, Motion at 3-5, the Court remains unconvinced that those "facts" constitute "clear and convincing" evidence that Defendant's design and its conduct concerning such design involved "an easily perceptible danger of death or substantial physical harm, and the probability that it will so result was substantially greater than that is required for ordinary negligence." *Restatement (Second) Torts* § 500 comment a (1965).

Plaintiff's reliance upon the finding of the California Court of Appeals decision in *Buell-Wilson v. Ford Motor Co.*, 73 Cal. Rptr. 3d 277 (Cal. App. 4th Dist. 2008) is misplaced.

*Adams v. Ford Motor Co.*
2004-CV-0053
Order Denying Plaintiff's Motion For New Trial
Page 4

Said opinion is not binding upon this Court nor precedential in this jurisdiction. The Court applied the law of this jurisdiction when making its determination, and nothing in Plaintiff's motion persuades the Court that such determination was error.

The Court's Order and Judgment (Docket No. 321), entered July 2, 2008, contains the Court's reasoning regarding the non-application of V.I. Code Ann. tit. 5, § 1451, and the application of comparative fault principles to reduce Plaintiff's damage award. The Court sees no reason to revisit either or both of those issues. Plaintiff, in her motion, has not demonstrated any error with regard to those findings or conclusions of the Court.

As Defendant correctly argues in its response, the cumulative error doctrine does not apply to civil trials in this jurisdiction. Response at 14 (citing *S.E.C. v. Infinity Group Co.*, 212 F.3d 180 (3d Cir. 2000)). Moreover, the Court finds that no error occurred; thus, Plaintiff is not entitled to the requested relief.

Based upon the foregoing, it is now hereby **ORDERED** that Plaintiff's Motion For New Trial (Docket No. 323) is **DENIED**.

ENTER:

Dated: August 20, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE